IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARCUS MONCHERY,**
    Plaintiff,

v.                                         Civil Action No. **3:24CV676 (RCY)**

**L. CHUMNEY,** *et al.*,
    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 46) challenging the Court's dismissal of RN L. Chumney ("Defendant Chumney") from the action, as well as a Motion for Appointment of Counsel (ECF No. 48). For the reasons set forth below, both Motions will be denied.

### I. PROCEDURAL HISTORY

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. By Memorandum Order entered on November 17, 2025, the Court dismissed Defendant Chumney and Defendant M.S.C., Health Services Director/Level 2 Respondent as parties to the action because Plaintiff failed to serve them within the time afforded by Federal Rule of Civil Procedure 4(m).[1] ECF No. 40.[2]

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[2] The matter proceeds against Dr. Gomez and Assistant Warden R. Whitt, who have filed dispositive motions.

On January 5, 2026, the Court received Plaintiff's Motion for Reconsideration and the Motion for Appointment of Counsel.  ECF Nos. 46, 48.

## II. ANALYSIS

### A. Motion for Reconsideration

If a motion seeks reconsideration of an order before the entry of final judgment, the motion is governed by Rule 54(b).  Accordingly, Plaintiff's motion will be construed as a motion under Federal Rule of Civil Procedure 54(b) ("Rule 54(b) Motion".)[3]  That rule provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  A district court retains the discretion to reconsider or modify a grant of a partially dispositive motion at any time prior to the entry of final judgment.  *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54(b)).  Nevertheless, a court must exercise its discretion to consider such motions sparingly in order to avoid an unending motions practice.  *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001).  Under Rule 54(b), a motion for reconsideration generally should be limited to instances such as the following:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred].  Such problems rarely arise and the motion to reconsider should be equally rare.

---

[3] The Court corrects the capitalization, spelling, spacing, and punctuation and omits emphasis in quotations from Plaintiff's submissions.  The Court also employs the pagination assigned submissions by the CM/ECF docketing system.

2

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). The Fourth Circuit has indicated that reconsideration is also appropriate where "a subsequent trial produces substantially different evidence" or "the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). The courts do not entertain motions to reconsider which ask the Court to, "rethink what the Court had already thought through--rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101.

Plaintiff does not explicitly address any of the above recognized grounds for relief in his Rule 54(b) Motion. Plaintiff believes that he "was unable to properly serve Nurse Chumney solely because he was never provided with her address by the Attorney General after they said it would be produced." ECF No. 46, at 1. Plaintiff's argument is not persuasive. By Memorandum Order entered on July 15, 2025, the Court explained that although it ultimately remained Plaintiff's responsibility to complete service of process, the Court would attempt to serve Defendants pursuant to a formal electronic service agreement with the Attorney General's Office for the Commonwealth of Virginia. ECF No. 22. On July 21, 2025, the Attorney General's Office declined service with respect to Defendants Chumney, Gomez, and M.S.C. Health Services Director/Level 2 Respondent. ECF No. 25. However, the Attorney General's Office provided Defendant Chumney's last known address under seal to the Court. ECF No. 26.

By Memorandum Order entered on July 31, 2025, the Court issued summons and directed the Marshal to serve Defendant Chumney at the address that was provided to the Court under seal. ECF No. 27. Therefore, contrary to Plaintiff's suggestion, the Attorney General did, in fact, provide Defendant Chumney's address to the Court. This address was not provided to Plaintiff for

privacy reasons. However, the summons was returned unexecuted because Defendant Chumney no longer resided at the address provided by the Attorney General. ECF No. 31, at 2. Therefore, the Attorney General's lack of provision of Defendant Chumney's address to Plaintiff was not the reason that Defendant Chumney was not served within the time limits permitted by Rule 4(m).

Even after Plaintiff was notified that Defendant Chumney could not be served at the address provided by the Attorney General, Plaintiff failed to provide an address where Defendant Chumney could be served. To the extent that Plaintiff suggests that he could not obtain the information required to serve Defendant Chumney, again, that argument is not persuasive. "'Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when assessing good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted). Even though Plaintiff was proceeding *pro se*, it was his responsibility to find an address where Defendant Chumney could be served and send the addresses to the Court. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated). District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable*, 2007 WL 5145334, at *1 (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Plaintiff fails to show he made such efforts here.

In sum, Plaintiff fails to demonstrate any clear error of law in the conclusion that Plaintiff failed to serve Defendant Chumney in a timely manner or that the dismissal of Defendant Chumney resulted in manifest injustice. Accordingly, Plaintiff's Rule 54(b) Motion (ECF No. 46) will be DENIED.

**B. Motion for Appointment of Counsel**

Plaintiff also moves for the appointment of counsel. *See* ECF No. 48. Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances. Additionally, Plaintiff's pleadings demonstrate that he is competent to represent himself in the action. Accordingly, Plaintiff's Motion for Appointment of Counsel (ECF No. 48) will be DENIED WITHOUT PREJUDICE.

### III. CONCLUSION

For the reasons set forth above, both Plaintiff's Motion for Reconsideration (ECF No. 46) and Motion for Appointment of Counsel (ECF No. 48) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 2, 2026
Richmond, Virginia

5